In re Willard D. RYE and Betty Jean Rye, Debtors.

Bankruptcy No. 84–00911

United States Bankruptcy Court, D. South Carolina.

Feb. 1, 1985.

John B. Butler, III, Columbia, S.C., for movant.

Edward M. Woodward, Jr., Columbia, S.C., for debtors.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter comes before the Court on the motion of the Federal Land Bank of Columbia ("Movant") for relief from the automatic stay pursuant to 11 U.S.C.[1] § 362(d)(1)[2] and 11 U.S.C. § 362(d)(2).[3]

On October 1, 1976, Harold D. Rye, the father of the debtor, Willard D. Rye, executed a note payable to the movant in the principal sum of $97,000. To secure the payment of the note, Harold D. Rye gave the movant a first mortgage on 232.75 acres in Richland County ("Property"). The mortgage was executed on October 1, 1976, and was recorded on October 4, 1976.

The note and mortgage called for payments of $3,234 to be made on January 1 of each year.

Harold D. Rye failed to make the January 1, 1984, payment.

On March 30, 1984, Mrs. Catherine H. Kennedy, an attorney in the movant's legal department, wrote a letter to Harold D. Rye informing him that a foreclosure action would be commenced unless satisfactory arrangements had been made to cure the delinquency on or before April 13, 1984.

---

1. Further reference to Sections of the Bankruptcy Code of 1978 will omit the identically numbered Section of Title 11, United States Code.

2. § 362(d)(1): On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

3. § 362(d)(2): On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(2) with respect to a stay of an act against property, if —(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

On June 6, 1984, Harold D. Rye allegedly executed a deed conveying his interest in the property to the debtors for $5 and the assumption of existing mortgages.

On June 18, 1984, the debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*).

On June 25, 1984, the movant filed a *lis pendens* against the property naming Harold D. Rye and the Farmers Home Administration as defendants.

On July 2, 1984, copies of the summons, and complaint and notice of motion for order of reference in the movant's state court foreclosure action were served on Harold D. Rye.

On July 9, 1984, the deed from Harold D. Rye to the debtors was recorded.

As of November 8, 1984, the payoff on the movant's loan on the property was $88,-184.18 excluding accruing interest and attorney's fees. The interest on the loan is accruing at the rate of $29.41 per day.

The Farmers Home Administration filed a proof of claim in the debtor's case in the amount of $249,803.97. This debt is secured by the 232.75 acre tract in question and other real and personal property.

Charles D. Burkett, one of the movant's employees who has been appraising primarily agricultural real estate for seven years, testified that the property had a "quick sale" value of $165,000. Mr. Burkett testified that after deducting real estate commissions, costs and interest accruing during the sale, the amount realized on the sale of the property would be approximately $140,000. No other value for the property was presented by the debtors.

As of November 8, 1984, the debtors have not filed a plan or disclosure statement.

## ISSUE

The issue is whether the movant is entitled to relief from the automatic stay so as to foreclose its mortgage on the property in state court.

## DISCUSSION

The disjunctive language of § 362(d) allows a creditor to obtain relief from the automatic stay if a claim for relief is established under § 362(d)(1) or § 362(d)(2). *In re Faires*, 34 B.R. 549, 11 B.C.D. 332 (Bankr.W.D.Wash.1983); *First Connecticut Small Business Investment Co. v. Ruark (In re Ruark)*, 7 B.C.D. 59, 7 B.R. 46 (Bankr.D.Conn.1980).

### I

The notice of motion seeking § 362(d) relief states that unless a written objection to the motion for relief from the automatic stay and a certification of facts is filed with the court *and* served on the movant, the debtors will be deemed to have waived their right to a hearing on whether relief from the stay may be granted, and the court may grant appropriate relief to the movant.

An objection and certification of facts was filed with the court on the debtors' behalf, but no copies were ever served on the movant or the movant's attorney.

Furthermore, the debtors failed to file a reply memorandum as required by paragraph 1 of Local Rule M–04.

For these reasons, the movant is entitled to relief from the stay.

### II

The automatic stay of § 362(a) may be modified "for cause" pursuant to § 362(d)(1). "The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, *but is not the only cause.*" H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343 (1977); S.Rep. No. 95–589, 95th Cong., 2nd Sess. 52 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. (Emphasis added).

The party requesting relief from the automatic stay has the burden of proving that cause for relief from the automatic stay exists. *MacGregor v. Ostrander (In re Ostrander)*, Case No. 82–00164, Complaint No. 83–0486 (Bankr.D.S.C. 5/9/83).

The transfer of distressed property to a debtor in close proximity to the filing of the bankruptcy petition for relief has been held to create a *prima facie* showing of bad faith. *California Mortgage Service v. Yukon Enterprises, Inc. (In re Yukon Enterprises, Inc.),* 39 B.R. 919, 921 (Bankr.C.D. Cal.1984). *See, Meadowbrook Investors Group v. Thirtieth Place, Inc. (In re Thirtieth Place, Inc.),* 30 B.R. 503 (Bankr.App. Panel 9th Cir.1983).

■ Once the creditor establishes that the transfer of the distressed property was in close proximity to the filing of the debtors' petition for relief, the burden is on the debtors to establish good and sufficient reason why relief from the automatic stay should not be granted. *In re Yukon Enterprises, Inc.,* 39 B.R. at 921.

If, in addition to the prima facie showing of bad faith, the creditor proves that its substantive or procedural rights have been adversely affected by the transfer and filing, "cause" is established pursuant to 11 U.S.C. § 362(d)(1) and the Court must lift the stay. *Id.* at 921–922.

In this case, the deed from Harold D. Rye to the debtors was allegedly executed twelve days prior to the filing of the debtors' petition for relief, and the deed was recorded twenty-one days after the filing of the petition for relief. Furthermore, it is clear that the substantive and procedural rights of the movant were adversely affected by the transfer and filing.

Because the debtors were unable to present evidence to establish good and sufficient reasons why the relief should not be granted, the movant is entitled to relief from the stay "for cause" pursuant to § 362(d)(1).

III

Under § 362(d)(2), a creditor is entitled to relief from the stay if the debtors have no equity in the property *and* the property is not necessary to an effective reorganization. *First Federal Savings and Loan Association v. Shriver (In re Shriver),* 33 B.R. 176 (Bankr.D.D. Ohio 1983).

The party seeking relief from the stay has the burden of proof on the *debtor's* equity in the property. § 362(g)(1).

The term "equity" as it is used in § 362(d)(2)(A) "is the value, above all secured claims against the property that can be realized from the sale of the property *for the benefit of the unsecured creditors.*" *In re Shriver,* 33 B.R. at 187. Because it is the amount of equity which would be available to unsecured creditors or to the debtors for use in their reorganization which the court must consider, all encumbrances on the property in question, not just the amount of the movant's lien, must be considered. *Pistole v. Mellor (In re Mellor),* 734 F.2d 1396, 10 C.B.C.2d 1353, 1357 n. 2 (9th Cir.1984); *In re Shriver,* 33 B.R. at 186; *Harleysville National Bank and Trust Co. v. Kaufman (In re Kaufman),* 24 B.R. 498 (Bankr.E.D.Pa. 1982); *LaJolla Mortgage Fund v. Rancho El Cajon Associates,* 8 B.C.D. 1035, 18 B.R. 283 (Bankr.S.D.Cal.1982); 2 *Collier on Bankruptcy,* ¶ 362.10 at p. 362–58 (15th ed. 1982). For this very reason, this court has earlier stated that "it is the burden of the moving party to show that the debtor does not have any equity in excess of *all* liens *encumbering the property.*" *In re Satterfield,* Case No. 82–02150 (Bankr. D.S.C. 1/27/84). (Emphasis added).

Once the party seeking relief from the stay has shown that the debtor has no equity in the property § 362(g)(2) requires the debtor to show: (1) that there is a reasonable possibility of a successful reorganization in a reasonable time; and (2) that the property is essential to the reorganization effort. *In re Shriver,* 33 B.R. at 187.

At least one case has held that a Chapter 11 debtor has not satisfied his burden of proving that property is necessary to an effective reorganization when he has not filed a disclosure statement or plan. *In re Faires,* 34 B.R. 549, 11 B.C.D. 332, 333 (Bankr.W.D.Wash.1983).

In this case, the debtors have not filed a plan or disclosure statement. Furthermore, the debtors, whose schedules reflect that they own a 193.61 acre tract in addition to the property in question, are unable to show that the 232.75 acre tract is necessary to an effective reorganization.

Because the movant has met its burden of proving that the debtors have no equity in the property, and the debtors are unable to show that the property is necessary to an effective reorganization, the movant is entitled to relief from the automatic stay pursuant to § 362(d)(2).

## CONCLUSION

For the reasons stated above, the stay is hereby modified so as to allow the movant to foreclose its mortgage on the 232.75 acre tract described in the movant's motion.

AND IT IS SO ORDERED!