In re SEDONA SAN CARLOS DEVEL-
OPMENT COMPANY, Debtor.

AMERICAN SAVINGS AND LOAN
ASSOCIATION, a California
corporation, Plaintiff,

v.

SEDONA SAN CARLOS DEVELOP-
MENT COMPANY, Defendant.

Bankruptcy No. B–85–1323–PHX–RGM.

United States Bankruptcy Court,
D. Arizona.

March 17, 1986.

Patricia J. Finley, Greengard & Finley, Phoenix, Ariz., for debtor.

F. William Shepard, Gammage & Burnham, Phoenix, Ariz., for American Sav. and Loan Ass'n.

## OPINION AND ORDER

ROBERT G. MOOREMAN, Chief Judge.

The Court has had under advisement the Motion for Relief from Stay and in the Alternative for Adequate Protection filed by American Savings and Loan Association, and the Motion for Order Authorizing Contract for Promotion and Sale filed by debtor Sedona San Carlos Development Company. The Court heard these two matters at the same time in joint hearings held on December 6, and 9, 1985. Both parties have since filed post-hearing memoranda which the Court has fully considered along with the other memoranda previously filed, the argument of counsel, the evidence presented, and the applicable law.

Movant, American Savings, is the holder of a promissory note dated December 2, 1982, in the original principal amount of $4,200,000.00, secured by a deed of trust of the same date from debtor granting movant a lien upon certain real property in Sedona, Arizona. The property has forty vacant condominium type units on it at this time. The note and deed of trust are in default. The principal of $4,200,000.00 is presently due with the interest accruing from January 1, 1985. Movant commenced a judicial foreclosure action on March 25, 1985, which debtor's filing of the chapter

11 petition automatically stayed on May 7, 1985.

Movant seeks relief from the automatic stay pursuant to Bankruptcy Code Section 362(d). Debtor opposes the motion for stay of relief on the grounds that there is equity sufficient to adequately protect movant's interest.

Debtor moves under Section 363(b)(1) to sell the property as a timeshare promotion free and clear of movant's lien. Movant objects on the grounds that such a sale would impair its interest by altering its contractual rights to require the release of each condominium unit on the sale of only one week of timesharing, rather than on a standard lot release basis.

RELIEF FROM THE STAY

The disjunctive language of Section 362(d) allows the creditor to obtain relief from the automatic stay if the claim for relief is established under Section 362(d)(1) or Section 362(d)(2). *In re Rye,* 54 B.R. 180, 181, 13 B.C.D. 853 (Bkrtcy.D.S.C.1985). Pursuant to subsection 362(d)(1) the lack of adequate protection of an interest in property of the party seeking relief is one cause for relief, "but it is not the only cause." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 52 (1978, U.S.Code Cong. and Admin.News 1978, pp. 5787, 5838, 6300. Under Section 362(d)(2), a creditor is entitled to relief from the stay if the debtors have no equity in the property *and* the property is not necessary to an effective reorganization. *In re Rye, supra* at 182. Thus this Court has the power to grant relief from the stay on a showing under (d)(1) or (d)(2).

Debtor presented some evidence and argues that the value of the property liquidated by promoting and selling timeshare units is between $11,000,000.00 and $13,000,000.00. Debtor has been in default for over a year at this date and has offered no protection to the creditor other than a possible equity cushion—to be created by promoting the complex as a timeshare facility. The existence of the alleged cushion was supported by the testimony of Alan Weiss, a realtor who would handle the promotion.

American Savings had the burden of proof on the issue of the debtor's lack of equity in the property. The debtor has the burden of proof on all other issues, including adequate protection. See 11 U.S.C. Section 362(g); *In re High Sky, Inc.,* 15 B.R. 332, 335 (Bankr.M.D.Pa.1981); *In re San Clemente Estates,* 5 B.R. 605, 610, 6 B.C.D. 838 (Bankr.S.D.Cal.1980).

The debtor argues that the value of the property is at least $11,000,000.00 which creates an "equity cushion" of about $7,000,000.00, and that cushion adequately protects any interest the movant may assert. While such equity would adequately protect movant, (see *In re Mellor,* 734 F.2d 1396, 1400, 12 B.D.C. 147, 149, 10 C.B.C.2d 1353, 1357 (9th Cir.1984) its existence is no more than a tenuous claim. American Savings offered the testimony of Mr. Robert E. Francie an expert appraiser, whose written appraisal of $4,069,000.00 was entered into evidence. Debtor presented no written appraisal but offered the testimony of the proposed liquidator, Alan Weiss, who opined that the property could be marketed as a timeshare resort and as such could generate in excess of $11,000,000.00. Mr. Weiss had no appraisal credentials and admitted under cross-examination that he had not actually appraised the property. On this record Mr. Weiss also appears to be an interested party in that he would receive a commission of forty percent in the event the Court approved the proposed liquidation of these properties.

The Court finds and concludes that the value of the property is $4,000,000.00 while the encumbrance obligation exceeds $4,200,000.00. American Savings has therefore met its burden of proof with regard to lack of equity. Conversely, Debtor has failed to carry its burden of proof in showing that it has provided movant with adequate protection. Since movant has shown that debtor has no equity in the property, adequate protection may not be inferred, for there is no equity cushion. Likewise debtor has not proven or even offered movant adequate protection con-

sistent with the three non-exclusive examples of what may constitute adequate protection pursuant to Code Section 361: 1) periodic cash payments equivalent to decrease in value, 2) an additional or replacement lien on other property, or 3) other relief that provides the indubitable equivalent. *Mellor, supra* 734 F.2d at 1400, 12 B.C.D. at 149, 10 C.B.C.2d at 1357.

DEBTOR'S APPLICATION TO SELL

■ The debtor's application to sell pursuant to Section 363 is, in the posture of this case, an improper attempt to enforce the "cram down" provisions of the Bankruptcy Code without a plan of reorganization as required by Section 1121 et seq. of the Code. This Court further finds and concludes that when the parties originally entered the agreement for the note, movant loaned the proceeds on the basis of a condominium project rather than a timeshare resort. Debtor may not now use an application to sell under 363 as an attempt to "cram down" a timeshare plan upon the movant lender.

Accordingly,

IT IS HEREBY ORDERED: 1. The debtor's application to sell the property as a timeshare project is denied.

2. The movant's request for relief under Section 362(d) is hereby granted and it is therefore ordered modifying the automatic stay to permit the movants to continue the foreclosure proceedings which were stayed by the filing of the bankruptcy petition in this matter.

Pursuant to F.R.Civ.P. 52, as adopted by Rule 7052 of the Rules of Bankruptcy Procedure, this opinion and order shall constitute findings of facts and conclusions of law, and the judgment herein.