**In're Serlisa Anne MILLER, Debtor.**

**Bankruptcy No. 89–00469.**

United States Bankruptcy Court,
District of Columbia.

Aug. 11, 1989.

Jeffrey C. Tuckfelt, Washington, D.C., for debtor.

Robert M. Sandler, for creditor.

Richard N. Baylinson, Washington, D.C., Trustee.

## DECISION REGARDING MOTION OF CAFRITZ COMPANY FOR RELIEF FROM THE AUTOMATIC STAY

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Now before the Court are the motion of Cafritz Company ("Cafritz"), the landlord and a creditor of Debtor Serlisa Anne Miller, seeking relief from the automatic stay, and the Debtor's objection thereto. Upon the evidence presented, the Court finds that the relief should be granted based upon the following findings of fact and conclusions of law.

### FINDINGS OF FACT

For some time before she filed her bankruptcy petition on May 26, 1989, the Debtor had been renting residential property from Cafritz known as 3524 A Street, S.E., Apartment 202, Washington, D.C. 20029. She failed to pay the monthly rent of $385.00 due under the lease for February, March, April, May, and June of 1989. The Debtor remains in possession of the property.

Prior to the bankruptcy filing, the Superior Court of the District of Columbia, in Case No. 1t 10490–89, entered a Judgment for Possession of the property in favor of Cafritz against the Debtor and a Writ was issued thereunder.

Cafritz now seeks relief from the automatic stay to proceed with its efforts to regain possession of the residential property.

The Chapter 7 trustee has not assumed the lease, the time for doing so having expired, and has not objected to the pending motion for relief from the stay. In her schedules the Debtor lists as an asset her "leasehold and statutory interest in debtor's apartment residence," under D.C.Code § 45–2551(a), and claims the leasehold as an exemption under 11 U.S.C. § 522(d)(5) from property of the estate. The Debtor has opposed the motion arguing that the lease remains her property and that Cafritz has no right to relief from the automatic stay to collect pre-petition rent. The Debtor argues that her discharge will bar collec-

tion of pre-petition rent as mere unsecured debt. She proposes to continue leasing the property by paying only that rental due after the bankruptcy filing.

## CONCLUSIONS OF LAW

The basic issue is whether the Court should (1) grant Cafritz's motion for relief from the stay which would effectively breach the Debtor's lease of her apartment to allow Cafritz to proceed outside the bankruptcy forum with its attempts to re-gain possession of the premises or (2) deny Cafritz's motion for relief from the auto-matic stay based upon the Debtor's propos-al to pay only post-petition rent, including post-petition arrearages.

The Bankruptcy Code provides that, upon request of a party in interest, the Court shall grant relief from the stay "for cause." 11 U.S.C. § 362(d)(1). "The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, *but is not the only cause.*" *In re Rye,* 54 B.R. 180, 181 (Bankr.D.S.C.1985) (quoting H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 343 (1977); S.Rep. No. 95–589, 95th Cong., 2d Sess. 52 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5838, 6300 (emphasis added)).

■ The burden is on Cafritz to prove that cause for relief from the automatic stay exists. *Id.* Cafritz has met that bur-den by showing that the Debtor continues to enjoy the benefits of the lease, i.e., pos-session of the property, without shoulder-ing the burden of paying the monthly rent-al due and with expressed intent to have all pre-petition rental arrearages discharged.

In order to prevent the Court's granting the motion "for cause," the burden shifted to the Debtor to establish good and suffi-cient reason why relief from the automatic stay should not be granted. She has not done so. Her argument that she should have the right to continue to enjoy the benefits under the lease without meeting all of its burdens, including the payment of rental arrearages due, must fail.

■ The Bankruptcy Code itself is not totally satisfactory in defining the rights of a debtor in a lease that is not assumed by the trustee. The power to assume or reject the lease is *solely* the trustee's, not the Debtor's. 11 U.S.C. § 365(d); *and see In re Tompkins,* 95 B.R. 722 (9th Cir.Bankr. 1989). Upon the trustee's failure within sixty days to exercise that power, the lease was deemed rejected, and the rejection con-stituted a breach of the residential lease "immediately before the date of the filing of the petition." 11 U.S.C. § 365(d)(1). *See also* 11 U.S.C. §§ 365(g) and 502(g). However, there are two ways to view the Debtor's rights as lessee and the lease it-self once the lease has been breached by the trustee's failure to assume it. One is to view the lease as terminated. *E.g., In re Hawaii Dimensions, Inc.,* 47 B.R. 425 (D.Hawaii). The other way is to view rejec-tion as merely a decision not to assume the lease (and the attendant obligation to pay arrears as an administrative expense) with the rejection effectively being an abandon-ment of the lease as an asset of the estate with the lease surviving as an asset of the debtor. *E.g., In re Picnic 'N Chicken, Inc.,* 58 B.R. 523 (Bankr.S.D.Cal.1986); *see* Andrew, *Executory Contracts in Bank-ruptcy: Understanding "Rejection",* 59 Colo.L.Rev. 845, 848–49 (1988).

Under the first analysis (that upon rejec-tion the lease is terminated for all pur-poses), all of the Debtor's rights in the lease would effectively vanish and she would be discharged from liability for the pre-petition arrearages under 11 U.S.C. § 524. Further, she would have no right to cure and continue the lease and possession would be returned to Cafritz pursuant to proceedings outside of bankruptcy.

The Debtor fares no better under the second view. The second view is enunciat-ed in the recent article concerning exec-utory contracts as follows:

> [R]ejection is not the revocation or re-pudiation or cancellation of a contract or lease, nor does it affect contract or lease liabilities. It is simply a bankruptcy es-tate's decision not to assume, because the contract or lease does not represent a favorable or appropriate investment of

the estate's resources. Rejection does not change the substantive rights of the parties to the contract or lease, but merely means that the bankruptcy estate itself will not become a party to it. Simply put, the election to "assume or reject" is the election to assume or not assume; "rejection" is the name for the latter alternative.

*Andrew* at 848–49. In other words, upon rejection and resulting breach, the lease may no longer be an asset of the estate, but the lease itself is essentially undisturbed, remaining intact with all of its benefits and burdens outside of bankruptcy. Under the law of the District of Columbia the tenant may cure the breach at any time before eviction. *See, e.g., Trans–Lux Radio City Corp. v. Service Parking Corp.,* 54 A.2d 144 (D.C.Mun.App.1947) (court of law or equity may relieve tenant from forfeiture of lease for nonpayment of rent by permitting him, as long as he is in possession, to pay rent due, with interest and costs). That right to cure remains undisturbed.

The Debtor will be discharged of personal liability for the pre-petition rent. But if she wishes to continue to enjoy the benefits of the asset that is her lease, she must comply with the terms of the lease. When the trustee seeks to enjoy the continued benefits of a lease, the trustee is required to comply with its burdens as well. *In re Cafe Partners/Washington 1983,* 90 B.R. 1, 6 (Bankr.D.D.C.1988). A like rule ought to apply to the debtor. If the debtor elects to cure all arrears in order to save the lease, it is completely a voluntary act. No violation of the discharge injunction arises as she is completely free to refuse to pay pre-petition arrears. That such refusal may result in loss of the lease in no way interferes with her clean start. The discharge does not entitle her to continued enjoyment of a lease that is in breach.

Accordingly, the Debtor's rights to possession are conditioned upon her being current under the lease in this instance. She is not current and does not defend the motion for relief by proposing to correct that default. Therefore, the Court concludes that the debtor has not carried her burden of rebutting Cafritz's proof that it is entitled to relief from the stay "for cause."

The motion for relief from the stay will be granted and the objection thereto overruled.

A separate order has been entered.