0214

JONES LEASING, INC., Respondent, v. GENE PHILLIPS & ASSOCIATES,

(318 S. E. (2d) 31)

Court of Appeals

*James E. Chaffin, Jr.,* Columbia, *for appellant.*

*Robert E. Staton* of *Quinn & Smith,* Columbia, *for respondent.*

Heard April 26, 1984.

Decided July 2, 1984.

SANDERS, Chief Judge:

Respondent Jones Leasing, Inc., initiated an action against appellant "Gene Phillips and Associates" for breach of two automobile leases. The trial judge sustained Jones' motion for summary judgment as to liability and awarded partial damages. We affirm.

A motion for summary judgment is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Ray v. South Carolina National Bank*, 314 S. E. (2d) 359 (S. C. App. 1984).

## I

The undisputed facts here may be summarized as follows:

Phillips entered into contracts leasing two vehicles from Jones, one a 1978 Chevrolet van and the other a 1979 Corvette.

The leases on the Chevrolet van and Corvette provided for monthly rental payments of $245 and $278, respectively, plus South Carolina sales tax. The lease on the van was for 24 months, January 1979-January 1981. The lease on the Corvette was for 28 months, July 1979-November 1981. In addition, both leases contained the following paragraph, with the residual value of the van filled in as $3,500 and that of the Corvette filled in as $9,200:

11. Lessee agrees that at the expiration of this lease, Lessee will surrender the leased vehicle to the Lessor and the Lessor agrees to sell the same at wholesale within thirty (30) days of the expiration of this lease. If the property shall bring more than $_____ , then the excess above that amount shall be returned to the Lessee. If the vehicle shall bring less than $_____ , then the Lessee shall pay the Lessor the difference in the sales price and $_____ . Lessee shall also pay lessor any rent due Lessor or any additional sum or sums expended by Lessor for which the Lessee is chargeable under this lease. Lessee shall have the right to purchase the vehicle leased hereunder from the Lessor at the expiration of the term of this lease for $_____ , plus all applicable taxes incurred in connection with transfer of the title of the vehicle. If Lessee desires to exercise his option to purchase as aforesaid, written notice must be given to the Lessor on or before the last day of the term of this lease.

According to the pleadings and Phillips' own deposition, he returned both vehicles to Jones in early November 1980. He conceded that as of October 1980, he was in arrears in the amount of $2,552.81 on both leases and has made no payments since. Pursuant to paragraph 11, Jones then sold the van for $2,200 (leaving a deficiency of $1,945) and sold the Corvette for $8,600 (leaving a deficiency of $3,936).

Jones sued Phillips for (1) the balance of unpaid monthly payments (2) the alleged deficiency resulting from the sale of the vehicles.

## II

Phillips argues the leases are unconscionable and therefore unenforceable within the meaning of section 36-2-302 of the 1976 Code of Laws of South Carolina:

> Unconscionable contract or clause.
>
> (1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
>
> (2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.[1]

Specifically, Phillips challenges the conscionability of the following identical provisions in each lease:

---

[1] Jones argues section 36-2-302 does not apply because the lease transactions here do not constitute sales. In *Mid-Continent Refrigerator Company v. Way*, 263 S. C. 101, 208 S. E. (2d) 31 (1974), our Supreme Court determined a similar lease for refrigeration equipment constituted a contract for the sale of goods and was subject to the terms of the Uniform Commercial Code. There, as here, the lease provided the lessee could at some point purchase the goods. *See Annot.*, 48 A.L.R. (3d) 668, § 6(b) (1973).

15. If Lessee fails to pay when due any rent or other amount required herein to be paid to Lessor by Lessee, or if Lessee fails to perform any other provision hereof, or if any proceeding in bankruptcy, an arrangement, reorganization, receivership, or similar type proceeding shall be commenced by or against Lessee or its property, or if Lessee makes any assignment for the benefit of creditors, or if the vehicle leased hereunder or all or any part of Lessee's property is attached, seized, subject to a writ or distress warrant, or is levied upon, or if Lessee shall fail to maintain insurance on the vehicle as provided for above, or if Lessor shall for reasonable cause deem itself insecure, then Lessor shall have the right, but shall not be obligated, to exercise any one or more of the following remedies:

(a) To sue for and recover all rents and other amounts then due or thereafter accruing under this lease;

(b) To take possession of the vehicle, wherever it may be located, without demand or notice, without any court order or process of law, and without incurring any liability to Lessee for any damages occasioned by such taking of possession;

(c) To sell the vehicle at public or private sale upon such terms as it deems advisable, and in the event of such sale, Lessor shall, in addition to all other rights and remedies hereunder, be entitled to retain as liquidated damages and not as penalties the proceeds of any such sale;

(d) To terminate this lease; and

(e) To pursue any other remedy now or hereafter existing at law or in equity.

Lessee shall pay Lessor all costs or expenses, including reasonable attorneys' fees and fees of collection agencies incurred by Lessor in exercising any of its rights or remedies hereunder. Notwithstanding any such action, Lessor may take, including taking possession of the vehicle, Lessee shall remain liable for the full performance of its obligations hereunder.

Phillips argues these provisions subject the lessee to such harsh and punitive measures for even the most trivial breach (without providing the lessee any remedy for breach by the lessor) that this Court should not aid in the enforcement of the leases.

The trial judge found as a matter of law that the lease agreements are not unconscionable within the meaning of section 36-2-302 and awarded the following partial damages: (1) $2,552.81 in past due rent, (2) $645.04 in rent accrued on the van since November 1980, and (3) $2,782.00 in rent accrued on the Corvette since November 1980. He thus awarded a total of $5,977.87 in damages, but left open the question of damages sustained under paragraph 11 and the reasonableness of the prices received by Jones upon the sale of the vehicles. The trial judge ordered another hearing be scheduled for the taking of additional testimony on that aspect of damages. Therefore, the only provision of the leases which the trial judge's order has the effect of enforcing is contained in paragraph 15(a) which provides that Jones has the right "to sue for and recover all rents and other amounts then due or thereafter accruing under this lease." We find no error in this determination.

As expressed in the Official Comments to section 36-2-302, the test to be applied is "whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." The Comments also state the prevention of oppression and unfair surprise is the principle behind this Code section. The South Carolina Reporter's Comments state "a legitimate contractual allocation of risk which may be one-sided through superior bargaining power, should not be affectd by this Commercial Code section."

Unconscionability has generally been recognized as including the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms which are so oppressive that no reasonable person would make them and no fair and honest person would accept them. *Brenner v. Little Red School House, Limited,* 302 N. C. 207, 274 S. E. (2d) 206, *appeal after remand,* 59 N. C. App. 68, 295 S. E. (2d) 607, *review denied,* 307 N. C. 468, 299 S. E. (2d) 220 (1981),

*citing Hume v. United States,* 132 U. S. 406, 10 S. Ct. 134, 33 L. Ed. 393 (1889).[2]

Phillips testified he understood the terms of the leases at the time they were executed and defaulted under those terms due to his subsequent financial problems. The lease provisions which the trial judge enforced are not so oppressive, unreasonable or one-sided as to have been unconscionable under the circumstances existing when they were executed. Even if certain provisions are unconscionable, under the language of section 36-2-302 the remainder of the contract would be enforceable or the unconscionable provisions could be limited to avoid an unconscionable result. The trial court did not have the sole option of refusing to enforce the entire contract.

Phillips also argues the trial judge erred in awarding damages because Jones' motion for summary judgment was only as to liability. He does not question the mathematical calculations of the judge, only his authority to address damages at all.

There being no question of fact as to the amount due under rental provisions of the leases, we find no prejudice to Phillips as a result of the judge's calculations. While the order granting summary judgment is final as to Phillips' liability, it did not finally resolve the issue of damages. The amount of damages awarded strictly under the rental provisions may be increased or decreased according to the outcome of a hearing on the reasonableness of the prices at which they were sold. Therefore, we remand for further proceedings to determine the total amount of damages sustained. Either party may, of course, then appeal that decision.

Affirmed and remanded.

GARDNER and GOOLSBY, JJ., concur.

---

[2] In support of his argument for unconscionability, Phillips cites the cases of *Campbell Soup Co. v. Wentz,* 172 F. (2d) 80 (1948), *Bank of Indiana, National Association v. Holyfield,* 476 F. Supp. 104 (1979), and *Fairfield Lease Corp. v. Umberto,* 7 UCC Rep. Serv. 1181 (1970). We find the contract and lease provisions there and the circumstances surrounding their execution can be readily distinguished from those of the present case. In any event, we are not compelled to apply the findings of unconscionability in those cases to the facts presented here.