No. 83-343

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

BENEFICIAL COMMERCIAL CORPORATION,

        Plaintiff and Respondent,

   -vs-

JAMES E. COTTRELL and MADELINE
COTTRELL,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Smith Law Firm; Charles A. Smith, Helena, Montana

    For Respondent:

        Hull & Sherlock, Helena, Montana

---

Submitted on Briefs: December 8, 1983

Decided: October 12, 1984

Filed: OCT 12 1984

*Ethel M. Harrison*
—————————————————
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendants, James and Madeline Cottrell, who leased from plaintiff, Beneficial Commercial Corporation, a large offset printing press, appeal a summary judgment entered against them in Lewis and Clark County District Court, the effect of which made them liable for a lump-sum lease payment in the amount of $9,351.60. We reverse on the ground that the transaction involved was actually a sales agreement and that a genuine issue of fact exists under sections 30-2-601 and -602, MCA (the Uniform Commercial Code) as to whether the printing press was properly and timely rejected because it was alleged to be defective.

In contending that the summary judgment was improperly granted the lessees raise three issues, but none of them addresses the dispositive issue of why, under Rule 56, M.R.Civ.P., a material question of fact remains for trial determination. They contend first that they properly rejected the goods after delivery and therefore are not liable for the full lease payment. Second, they contend that the transaction was a bailment and therefore that the warranty provisions of section 70-8-101, MCA, are applicable. Third, they contend that the warranty disclaimer clause in the agreement (paragraph 5) is unconscionable, and therefore that the agreement is unenforceable. As we have stated, we reverse and remand for trial on the question of whether the lessees properly and timely rejected the printing press.

The Cottrells leased the printing press from Parliament Leasing and Parliament in turn assigned its interest in the lease to Beneficial Commercial Corporation. The lessees were

required to make 59 monthly payments of $177.00 each and at the end of that term, upon payment of a small sum, they could obtain title to the printing press. They made two monthly payments, but then stopped, allegedly because they believed the printing press to be defective. They contend that they notified the lessor immediately and more than once that the press was defective. The lessor has neither admitted nor denied this contention. It appears that the press remains in the possession of the lessees, in the condition it was in when leased.

In moving for summary judgment, the lessors contended that section 5 of the lease agreement waived all implied warranties, that the law permitted such a waiver, and therefore that the lessees had no right to assert a breach of warranty defense. One trial court denied the motion for summary judgment, but later another trial court assumed jurisdiction and the lessors renewed their motion for summary judgment before the new judge. The second judge granted the motion for summary judgment, and in doing so, erroneously relied on All-States Leasing Co. v. Top Hat Lounge, Inc. (Mont. 1982), 649 P.2d 1250, 39 St.Rep. 425, which upheld a lease provision disclaiming warranties as long as the disclaimer clause was not unconscionable. But All-States Leasing has no application to this case.

In All-States Leasing, the lessors sued for lease payments owed on an automated liquor dispenser. The case was decided in part on the ground that the warranty disclaimer provisions in the lease agreement were not unconscionable. Although this Court analogized to the Uniform Commercial Code in determining the issue of conscionability, the question of whether the lease was in fact a contract of sale was not

- 3 -

involved. Nor did the lessees ever attempt to reject the equipment on the ground that it was defective or for any other reason. In fact, because of a failure to comply with requests to admit, the lessees were deemed to have admitted under Rule 36, M.R.Civ.P., that the dispenser was not defective. By analogy, we held that the validity of the warranty disclaimer clause would be determined by the unconscionability test set forth in section 30-2-302, MCA, modeled after section 2-302 of the Uniform Commercial Code.

The lease agreement here contained an option to purchase for a small sum at the end of the lease agreement, and so it falls within the sale of goods provisions of the Uniform Commercial Code, codified in this state as section 30-2-101, et seq., MCA. See Mid-Continent Refrigerator Co. v. Way (1974), 263 S.C. 101, 208 S.E.2d 31. Although the lease provided that ". . . nothing [in the agreement] shall be construed as conveying to lessee any right, title, or interest . . ." in the printing press, the purchase option clause establishes the underlying transaction to be a sale. Therefore it must be governed by the Uniform Commercial Code sales provisions.

The disclaimer involved here deprived the lessees from asserting a defense based on breach of implied warranties, but the clause did not attempt to deprive the lessees of all remedies available under the Uniform Commercial Code. Therefore, other remedies were still available to the lessees. See Ford Motor Co. v. Reid (1971), 250 Ark. 176, 465 S.W.2d 80. Although the parties could have further limited or modified the remedies available to either party upon breach (see section 30-2-719, MCA, and 2-719, UCC), they did not do so. Therefore, under section 30-2-601 and -602,

- 4 -

the lessees still possessed the right to reject the printing press--provided it was timely and proper.

Summary judgment was proper if the legality of the warranty disclaimer was the only issue. Because the question of whether the printing press had been properly rejected, was not resolved, and could only be resolved by a trier of fact, summary judgment was improper.

Because we have held the underlying transaction is a sale subject to the statutory Uniform Commercial Code provisions regulating sales, we must hold the bailment statute, section 70-8-101, inapplicable to this case. This statute imposes duties upon the lessor as to the condition of the goods let for hire, and assumes that the property will be returned to the lessor once the purpose of the bailment has been fulfilled. Simply stated, the transaction involved here was not a bailment, and therefore section 70-8-101, does not apply.

Finally, the lessees argue that the warranty disclaimer clause cannot be enforced because it is unconscionable. In determining this issue, courts must focus on the relative bargaining power of the parties and the conspicuousness of the challenged disclaimer language. W. E. Heller & Co., Inc. v. Convalescent Home of First Church of Deliverance (1977), 49 Ill.App.3d 213, 365 N.E.2d 1285. In All-States Leasing, supra, we stated the purpose of the statute to be one of preventing "oppression and unfair surprise," the approach taken in the comments to UCC 2-302. Here the disclaimer clause appeared at the top of page two, in bold-faced type distinctively larger and more conspicuous than the other contract language. Unless other facts establish oppression or unfair surprise, it is not unconscionable to limit

warranties or remedies in that manner. The lessees have alleged no facts, that, if believed, could amount to oppression or unfair surprise.

The order granting summary judgment is reversed and this cause remanded for trial on the question of whether the lessees timely and properly rejected the printing press.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices