0442

C & S NATIONAL BANK OF SAVANNAH, GEORGIA, Respondent, v.
Roy L. GILLIAM, Appellant.

(329 S. E. (2d) 3)

Court of Appeals

*Jack D. Simrill,* Hilton Head Island, *for appellant.*

*Anthony F. Trask,* of *Levin, Sams & Davis, P.A.,* Beaufort, *for respondent.*

Heard Feb. 26, 1985.

Decided April 16, 1985.

GOOLSBY, Judge:

In this claim and delivery action, the appellant Roy L. Gilliam appeals from an order granting summary judgment

in favor of the respondent C & S National Bank of Savannah, Georgia (C & S). We affirm.

The question before us concerns whether the lease of a motor vehicle pursuant to an agreement containing an option to purchase constitutes a "transfer of ownership of a motor vehicle" within the meaning of the Motor Vehicle Information and Cost Savings Act. *See* 15 U. S. C. Sections 1981 *et seq.* The Act defines the term "transfer" to mean a "change of ownership by purchase, gift, or any other means." 15 U. S. C. Section 1982(5).

C & S alleged in its complaint that on June 9, 1981, it and Gilliam entered into an agreement whereby C & S leased to Gilliam a 1979 Cadillac Seville. Under the terms of the agreement, which is attached to and made a part of the complaint, Gilliam agreed to pay a total rental of $10,184.04 at the rate of $282.89 per month for thirty-six months. The agreement gave Gilliam the option to purchase the Cadillac at the end of the lease term upon the payment to C & S of $6,900, an amount representing the automobile's "residual value." Gilliam allegedly failed to pay all the installments due under the lease.

By its complaint, C & S seeks, among other things, repossession of the Cadillac, a judgment for all unpaid lease payments, and reasonable attorney fees and costs. During oral arguments, counsel informed us that the car had been returned.

Gilliam admitted in his answer that C & S "as owner ... leased" the Cadillac to him; however, he claimed "a setoff" for damages based upon an alleged violation of 15 U. S. C. Sections 1988[1] and 1989.[2] Gilliam alleged C & S "failed to disclose that the ... actual ... mileage of [the] automobile was different from the odometer reading."

---

[1] (a) [T]he Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

    (1) Disclosure of the cumulative mileage registered on the odometer.

    (2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

    ....

[2] (a) Any person who, with intent to defraud, violates any requirement imposed under this title ... shall be liable....

C & S moved for summary judgment. The circuit court granted the motion holding that Gilliam was not entitled to a setoff because no "transfer" as defined by Section 1982(5) had occurred. We agree.

The record does not reflect that Gilliam made all the monthly lease payments, exercised the option to purchase, and paid C & S the Cadillac's residual value. Absent evidence of a "change of ownership" pursuant to the terms of the agreement, no transfer of the Cadillac's ownership occurred within the meaning of the Act.

Gilliam contends, however, that the option to purchase constitutes a transfer of ownership by "other means" and cites *Mid-Continent Refrigerator Co. v. Way*, 263 S. C. 101, 208 S. E. (2d) 31 (1974), as authority. In *Mid-Continent*, the Supreme Court held that a lease of refrigeration equipment reflected on a financing statement and a shipping order constituted a sale of goods for purposes of the Uniform Commercial Code. *See Jones Leasing v. Gene Phillips & Assoc.*, 282 S. C. 327, 318 S. E. (2d) 31 (Ct. App. 1984); *see* Annot., 48 A. L. R. (3d) 668, Sections 4 and 9 at 674 and 679 (1973). There, like here, title to the equipment did not pass to the defendant until the expiration of the lease term and then only at the defendant's option and upon the payment of additional consideration. The additional consideration was the "relatively nominal" sum of $112.35, representing "sales tax." *Mid-Continent*, 263 S. C. at 108, 208 S. E. (2d) at 34. For this reason, the Supreme Court held that the real consideration for the sale of the equipment was "obviously embodied in the so-called rental payments required by the document purporting to be only a lease." *Id.* Here, the additional consideration in the amount of $6,900 could not fairly be considered "nominal." Also, it represents the residual value of the car and not sales tax.

Furthermore, *Mid-Continent* does not hold that a lease agreement containing an option to purchase constitutes a change of ownership within the meaning of 15 U. S. C. Section 1982(5) which is the issue before us. *Mid-Continent*, therefore, provides Gilliam no assistance.

Finally, we have examined the Act's legislative history and the regulations implementing it. S. Rep. No. 413, 92nd Cong., (2d) Sess., *reprinted in* 1972 U. S. Code Cong. & Ad.

News 3960; S. Rep. No. 155, 94th Cong., (2d) Sess., *reprinted in* 1976 U. S. Code & Ad. News 1718; 49 C. F. R. Sections 580.1 *et seq.* We find no support for Gilliam's position in either. Moreover, no case brought to our attention by Gilliam or uncovered by us holds that the lease of a motor vehicle constitutes a "transfer" under the Act.

Accordingly, the judgment appealed from is

Affirmed.

SANDERS, C. J., and CURETON, J., concur.