0747

SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant v. Wallace M. BALCOME and Edith B. Balcome, Respondents.

(345 S. E. (2d) 762)

Court of Appeals

---

*Victor S. Evans, Chief Counsel,* and *John M. Cox, Asst. Chief Counsel, South Carolina Dept. of Highways and Public Transp.,* Columbia, *for appellant.*

*H. Michael Spivey,* and *Susan L. Pringle,* Mauldin, *for respondents.*

Heard April 16, 1986.

Decided July 7, 1986.

BELL, Judge:

Wallace M. Balcome and Edith Balcome commenced this action against the South Carolina Department of Highways and Public Transportation. The Balcomes allege the Department negligently and by inverse condemnation diverted the

groundwater supply to their property during construction of the Golden Strip Freeway in Greenville County. The jury returned a verdict for the Balcomes. The Department appeals. We affirm.

The Department began construction on the Golden Strip Freeway in December, 1980. A portion of the Freeway corridor is bounded to the east by the Balcomes' property. In constructing the highway adjacent to the Balcomes' property, the Department dug down to a depth of 20 to 25 feet and encountered groundwater. This water was piped away into a natural drainage ditch. The Balcomes have a 1.5 acre pond located approximately 1,000 feet from where the Department made the roadbed cut. In July of 1981, the Balcomes reported a drop of two feet of water in this pond. Upon notice from the Balcomes, Joel Wilson, a Department engineer, began monitoring the pond's water level. It is undisputed the pond's level eventually dropped by approximately four feet, and was at that level two years later.

The Balcomes commenced suit against the Department in July, 1983. They claimed their use and enjoyment of their property for agricultural and recreational purposes had been injured by the Department's alteration of the natural water table. Mr. Balcome testified the drop in his pond in previous summers had been approximately six to eight inches. The Balcomes' expert witness, a geologist, testified that in his opinion the Department struck and diverted an underground vein of water which supplied the pond. Subsequently, during the dry summer months the water level dropped and was not replenished by the underground spring. The Department admitted it struck and diverted groundwater. The Department, however, attempted to defend its action by utilizing common law principles governing the use of subterranean waters. The court refused the Department's motions for a nonsuit and a directed verdict and requests to charge based on common law theories. The jury returned a verdict for the Balcomes of $34,650.00, the difference in the property's market value before and after the diversion.

On appeal, the Department argues there is no evidence to support liability at common law.

The South Carolina Constitution provides in part:

> Except as otherwise provided in this Constitution, private property shall not be taken ... for public use without just compensation being first made therefor.

Art. I, § 13, Constitution of South Carolina, 1895, revised. The constitutional provision creates a right to compensation for property taken for public use unfettered by limitations of the rules of the common law applicable under similar circumstances to the liability of an individual. *Milhous v. State Highway Dept.*, 194 S. C. 33, 8 S. E. (2d) 852 (1940). Thus, the inquiry is not whether the Department was negligent in diverting groundwaters under the common law. The question is whether a public taking of private property has occurred which demands compensation.

Property in a thing consists not merely in its ownership or possession, but in the unrestricted right of use, enjoyment and disposal. *Sease v. City of Spartanburg*, 242 S. C. 520, 131 S. E. (2d) 683 (1963). The constitutional provision extends to all cases in which any of the essential elements of ownership has been destroyed or impaired as the result of construction of a public street. *Id.*

There may be a taking of property in the constitutional sense although there has been no actual entry within its bounds and no artificial structure has been erected upon it. *Milhous v. State Highway Dept., supra.* When a public agency uses land which it has lawfully acquired for public purposes in such a way that neighboring real estate is destroyed or impaired in its usefulness, there is a taking within the meaning of the constitution. *Id.*

In this case there was evidence from which the jury could have found the Department's diversion of groundwaters was a taking which impaired the Balcomes' use and enjoyment of their property and, therefore, required just compensation. The jury was charged on both negligence and the law of eminent domain. Since a general verdict was entered, the judgment must be affirmed since the verdict is supported as to at least one cause of action. *Anderson v. West*, 270 S. C. 184, 241 S. E. (2d) 551 (1978).

Affirmed.

SANDERS, C. J., and SHAW, J., concur.