849 F.2d 606
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The RENT-ALL SHOPS, INC., Plaintiff-Appellant,
v.
BELLSOUTH ADVERTISING & PUBLISHING CORPORATION and Southern
Bell Telephone & Telegraph Company, Inc.,
Defendants-Appellees,
 No. 87-1119.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 11, 1988.
Decided: June 9, 1988.
 
 Clinch H. Belser, Jr. (Belser, Baker, Barwick, Ravenel, Toal & Bender, on brief), for appellant.
 Stephen G. Morrison (David E. Dukes; Nelson, Mullins, Riley & Scarborough, on brief), for appellees.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an action by the plaintiff, engaged in the sale or lease of various items of merchandise, to recover of the defendant, an affiliate of the Southern Bell Telephone and Telegraph Company, Inc., actual and punitive damages suffered by it by reason of the failure of the defendant to publish, as agreed in a written contract between the parties, its advertisement for the year 1984 in the "Yellow Pages" of the defendant's telephone directory for the City of Columbia, South Carolina. In its amended complaint, the plaintiff alleged three causes of action. Its first cause of action was in tort. It charged the defendant with "negligence, carelessness, recklessness, wilfulness and wantonness" in the failure to publish, as agreed, the plaintiff's advertisement. As its second cause of action, the plaintiff sought damages for breach of contract. Its final action was for fraudulent representation. In its answer, the defendant admitted, in connection with plaintiff's first and second causes of action, the alleged contract with the plaintiff and the failure to publish plaintiff's advertisement as agreed but pled the limitation-of-liability, as provided in the contract. This limitation-of-liability provided that damages for failure to publish would be limited to refund of the amount paid for the publication of the advertisement. Its answer to the third cause of action was a general denial.
 
 
 2
 The facts in the case were thoroughly explored in the discovery proceedings. At that point the defendant filed its motion in limine. As construed by the district court, this motion posed three questions:
 
 
 3
 (1) whether the plaintiff can maintain a negligence action independent of its action for breach of contract; (2) whether, if proved, a willful breach of contract would make the limitation of damages clause in the parties' contract unenforceable; and (3) whether the limitation of damages clause is unconscionable and therefore unenforceable as a matter of law.
 
 
 4
 In that connection, it found first that plaintiff's cause of action in tort must be based on a violation of some duty by the defendant and that, where the duty is one based solely on a contract of the parties, "the plaintiff's remedy is for breach of contract" and that only if there is some violation of duty "distinct from the breach of contract." It held that there was no violation of duty "distinct from the breach ..." in this case. It, therefore, found without merit plaintiff's tort claim as stated in its first cause of action. In defense of the breach of contract claim set forth in the plaintiff's second cause of action, the defendant had pled the contractual limitation-of-liability clause. So far as the plaintiff's argument that a willful breach of the contract will bar the operation of a limitation-of-liability clause, the district court found that such argument was supported by no South Carolina authority and that, such clause is voidable under South Carolina law only for unconscionability. The term "unconscionability" was held by the district court to be defined in Jones Leasing, Inc. v. Gene Phillips and Associates, 282 S.C. 327, 318 S.E.2d 31 (S.C.Ct.App.1984) thus:
 
 
 5
 Unconscionability has generally been recognized as including the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms which are so oppressive that no reasonable person would make them and no fair and honest person would accept them.
 
 
 6
 The district court found that the facts, as established by the undisputed record on the motion, did not satisfy this standard and that the limitation-of-liability clause herein was valid. This ruling disposed of the second cause of action adversely to the plaintiff's position.
 
 
 7
 Since by its rulings on the plaintiff's first and second causes of action the district court had finally disposed of those actions, and the plaintiff itself had secured the dismissal without prejudice of its third cause of action, grant of judgment in favor of the defendant was in order. From such judgment the plaintiff has appealed. We affirm.
 
 
 8
 At argument on appeal, this Court sua sponte raised the matter of certifying this case to the Supreme Court of South Carolina and, at the Court's request, the parties have submitted questions to be submitted on such certification. After consideration of these proposed questions and upon further reflection we have concluded certification is not appropriate in this case. We, therefore, proceed to review the case on the record before us and affirm the judgment below on the well-reasoned opinion of the district court. The Rent-All Shops, Inc. v. Bellsouth Advertising & Publishing Corporation, et al. C/A No. 3:85-1679-16 (D.S.C. June 11, 1987).
 
 
 9
 AFFIRMED.