23029

D & D LEASING COMPANY OF SOUTH CAROLINA, INC., Respondent v. Carmen Eugene GENTRY, Petitioner.

(380 S. E. (2d) 823)

*Supreme Court*

*J. Gregory Studemeyer*, of *Cooper, Coffas, Heizer, Studemeyer and Megna, P.A.*, Columbia, *for petitioner.*

*Grady L. Patterson, III*, Columbia, *for respondent.*

Heard April 5, 1989.

Decided June 5, 1989.

HARWELL, Justice:

This case involves a suit on an automobile lease. We granted certiorari to review the Court of Appeals' dismissal of the appeal in *D & D Leasing Company of South Carolina, Inc., v. Gentry*, MO No. 88-MO-011 (Ct. App. filed February 3, 1988). We affirm.

## FACTS

Respondent D & D Leasing Company of South Carolina, Inc. (D & D) leased an automobile to Petitioner Gentry. When Petitioner ceased making the lease payments, D & D sold the car and sued Petitioner to recover the balance due on the lease and a deficiency after the sale. Petitioner raised various defenses and counterclaims, and the trial court granted D & D summary judgment on most of the defenses. Petitioner appealed the granting of summary judgment, arguing that the trial court erred in not allowing his defenses under the Uniform Commercial Code (UCC) to apply to an automobile lease. Petitioner did not make the lease in question a part of the record, however. The Court of Appeals held that the absence of the lease rendered the record insufficient for appellate review and dismissed the appeal.

## DISCUSSION

The Court of Appeals noted that South Carolina case law authorizes finding a lease equivalent to a sale such that Article 2 of the UCC would apply. *See Mid-Continent Refrigerator Company v. Way*, 263 S. C. 101, 208 S. E. (2d) 31 (1974); *Jones Leasing v. Gene Phillips & Assocs.*, 282 S. C. 327, 318 S. E. (2d) 31 (Ct. App. 1984). In *Mid-Continent Refrigerator Company v. Way*, this Court held that the documents of an equipment lease, which provided lessee an option to purchase the equipment upon payment of a "nominal" sales tax at the end of the lease period, constituted a contract for the sale of goods which was subject to the UCC.

In the present case, the lease agreement was before the trial court, and the court referred to several provisions of the lease in its order. The Court of Appeals, however, was unable to ascertain whether the lease agreement was equivalent to a contract for sale since the lease was not included in the appellate record. The burden was on Petitioner, as appellant, to furnish a sufficient record from which an intelligent review could be conducted. *Germain n. Nichol*, 278 S. C. 508, 299 S. E. (2d) 335 (1983). Petitioner did not meet this burden, and the Court of Appeals properly dismissed the appeal.

In any event, we have inspected the lease pursuant to Supreme Court Rule 2[1] and are convinced that Article 2 of the UCC does not apply here. By its very terms, this was a "true" lease for both transfer and tax purposes, and the lease states "there is no option to purchase." The lease here meets neither the definition of "sale" nor "contract for sale" under the UCC. *See* S. C. Code Ann. § 36-2-106(1) (1976) (defining "sale" as "the passing of title from the seller to the buyer for a price" and "contract for sale" as "includ[ing] both a present sale of goods and a contract to sell goods at a future time."); *see also Mid-Continent Refrigerator v. Way, supra.*

Petitioner contends that the UCC is applicable to lease transactions in general and, therefore, the Court of Appeals

---

[1] "The Court may ... of its own motion, require copies of all or any part of the record ... which was before the Court below to be sent up for its inspection and consideration ..."

did not need to see the lease itself to address the question he presented. We disagree.

As enacted in South Carolina, Article 2 of the UCC "applies to transactions in goods." § 36-2-102. Petitioner urges an interpretation of "transactions in goods" broad enough to encompass leases in general. We do not believe such an interpretation was intended by the legislature. *See Anders v. S. C. Parole and Community Corrections Board*, 279 S. C. 206, 305 S. E. (2d) 229 (1983) (Court's primary function in interpreting statute is to ascertain legislative intent).

While Article 2 applies to "transactions in goods," "goods" are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the *contract for sale. . . .*" § 36-2-105(1) (emphasis added). The very title of Article 2 is "Uniform Commercial Code— Sales." § 36-2-101. Section 36-2-106(1) limits references to the terms "contract" and "agreement" to "those relating to the present or future sale of goods." Moreover, the substantive rules of Article 2 are coast in terms of the contract for sale. *See, e.g.,* § 36-2-201(1) (statute of frauds refers to "contract for sale"); § 36-2-314 (Implied warranty of merchantability provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale").

Legislative intent is best determined from the language of a statute itself. *Samson v. The Greenville Hospital System, et al.*, 295 S. C. 359, 368 S. E. (2d) 665 (1988). Article 2 is replete with references to sales, not leases. To apply Article 2 to leases in general would be to ignore the intent of the legislature as expressed in the plain language of the statute.

Additionally, a blanket application of Article 2 to leases would be contrary to case law. As previously noted, this Court has adopted an approach whereby a transaction denominated a lease may be examined to determine whether it in fact constitutes a sale, or contract for sale, of goods. *Mid-Continent Refrigerator v. Way, supra.* Other courts have followed this approach. *See, e.g., Beneficial Commercial Corp. v. Cottrell*, 212 Mont. 493, 688 P. (2d) 1254 (1984); *Stillwell Welding v. Colt Trucking*, 741 P. (2d) 598 (Wyo. 1987). Numerous courts have held provisions of Article 2 applicable to particular lease transactions deemed suffi-

ciently analogous to sales or contracts for sale. *See Sellers v. Frank Griffin AMC Jeep, Inc.*, 526 So. (2d) 147 (Fla. App. 1 Dist. 1988) (Listing numerous relevant factors reviewed by various jurisdictions to determine when lease should be treated as sale for UCC purposes); *see also* Annot. 48 A. L. R. (3d) 668, § 6(b) (1973); Annot., 48 A. L. R. (4th) 85, § 18 (1981).

Petitioner would have us adopt a completely "inclusive" approach and apply Article 2 to lease transactions in general. *See Barco Auto Leasing Corp. v. PSI Cosmetics*, 125 Misc. (2d) 68, 478 N. Y. S. (2d) 505 (Civ. Ct. 1984) (explaining, but not applying, "inclusive" approach). The *Barco Auto Leasing* opinion points out, however, that the "inclusive" approach "has not been accepted." *Id.* 478 N. Y. S. (2d) at .510; *Cf. Walter E. Heller & Co., Inc. v. Convalescent Home, Etc.*, 49 Ill. App. (3d) 213, 8 Ill. Dec. 823, 365 N. E. (2d) 1285 (1977) (specifically rejecting "in toto" application of Article 2 to equipment leases).

The *Mid-Continent Refrigerator v. Way* analysis places South Carolina well within the mainstream of jurisdictions addressing the issue; we decline to adopt Petitioner's proposed wholesale, per se application of Article 2 to leases. We view such an extension as a legislative prerogative.

Finally, Petitioner argues that *C. Ray Miles Construction Co., Inc. v. Weaver*, 296 S. C. 466, 373 S. E. (2d) 905 (Ct. App. 1988) resolved the issue here by holding that no logical reason exists for distinguishing between contracts of sale and leases for purposes of recognizing implied warranties. Petitioner's reliance on *C. Ray Miles Construction* is misplaced; that case addressed the *common law* implied warranty of merchantability which arises separate and apart from the UCC. 296 S. C. at 473, n. 10, 373 S. E. (2d) at 909 n. 10.

For the foregoing reasons, the Court of Appeals' opinion dismissing Petitioner's appeal is

Affirmed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.