### In re Roy L. HAIGLER and Deborah A. Haigler, Debtors.

**Bankruptcy Case No. 89–01955.**

United States Bankruptcy Court, D. South Carolina.

Oct. 19, 1989.

On Motion for Reconsideration Jan. 19, 1990.

Wm. Keenan Stephenson, Jr., trustee.

James D. Cooper, Jr., Tony Megna, Cooper Coffas Studemeyer & Megna, Columbia, S.C., for debtors.

William H. Short, Jr., Adams, Quackenbush, Herring & Stuart, Columbia, S.C., for creditor/Ford Motor Credit.

## ORDER

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

This matter came before me on the Objections to Confirmation filed by Ford Motor Credit Company ("FMCC"). FMCC filed its Objections to Confirmation on June 27, 1989, ("Objections) to the Debtor's Chapter 13 Plan dated June 1, 1989 ("Plan"). At the hearing the Court heard arguments from the attorneys for the Debtor and FMCC and from the standing Chapter 13 Trustee. The Court makes the following findings of fact and conclusions of law.

FMCC's Objections concern the Plan's failure to comply with 11 U.S.C. § 1325(a)(5)(B) and § 365(b). Particularly, FMCC objects to the failure to assume FMCC's outstanding lease, provide prompt assurance of future performance, and cure the delinquent payments owed to FMCC. The Debtor filed its Reply, by denying the existence of a lease with FMCC, denying the applicability of 11 U.S.C. § 365, and further asserting that the document entitled "lease" is in fact a contract for sale under the laws of the State of South Carolina.

This case is distinguishable from those cases relied on by the Debtor. The first case relied upon by the debtor is in *Mid–*

*Continent Refrigerator Company v. Way,* 263 S.C. 101, 208 S.E.2d 31 (1974). There, the lessee/debtor had an option to purchase the automobile at the expiration of the lease for a nominal consideration of only $112.35 sales tax. In this case, the option to obtain title was for a much greater sum of $3,004.16 representing residual value. Also, in *Mid–Continent,* the contract between the parties actually consisted of two written documents prepared by the lessor, which were not consistent in their terms and provisions. These ambiguities were construed favorably for the lessee/debtor. However, in this case, there exists only one document, which has not been alleged to contain any ambiguous terms to suggest it is anything other than a lease.

Also, the Debtor cites *Jones Leasing, Inc. v. Gene Phillips & Assocs.,* 282 S.C. 327, 318 S.E.2d 31 (Ct.App.1984) for the proposition that the lessee's right to purchase is the important issue which signifies a contract for the sale of goods, not the type of consideration. But the lease agreement in *Jones* was different from that in the present case. In *Jones,* there was an absolute right to purchase at the expiration of the lease. Here, there was no absolute right because of the requirement that the Debtors not be in default and that the Debtors timely notify FMCC of their intention to utilize the purchase option.

Finally, the Debtor cites *D & D Leasing Company of South Carolina, Inc. v. Gentry,* 298 S.C. 342, 380 S.E.2d 823 (1989). The Court simply noted that it would continue to adopt an "approach whereby a lease may be examined to determine whether it in fact constitutes a sale, or contract for sale, of goods." In determining that the contract was a lease, the Court relied solely on the amount of consideration, not the existence of a purchase option. The lease at hand has a purchase option, based on timely notice and no default, requiring the payment of substantial consideration.

The case of *C & S Bank of Savannah, Georgia v. Gilliam,* 285 S.C. 313, 329

S.E.2d 3 (S.C.App.1985) distinguishes the aforementioned cases which embody the Debtor's argument. There, the Court of Appeals interpreted the *Mid–Continent* decision strictly in ruling that an option for purchase upon payment of $6,900.00, an amount representing residual value, did not constitute a transfer of ownership. The Court of Appeals contrasted the circumstances in *Gilliam* with those in *Mid–Continent,* where the consideration was a "relatively nominal" sum representing sales tax. The case at bar is analogous to *Gilliam* in that the purchase option represents residual value and not merely "nominal consideration." In order to obtain any equity in the vehicle, the Debtor must pay FMCC the residual value, which represents the amount FMCC had invested in the vehicle. Based on the foregoing, the Court finds that the "Net (Closed End) Lease" entered into by the Debtor on January 6, 1987, is a true lease and not a contract for sale.

IT IS ORDERED that the FMCC's Objections to Confirmation are sustained, and the Net (Closed End) Lease between the Debtor and Ford Motor Credit Company constitutes a true and valid lease.

AND IT IS SO ORDERED.

## ON MOTION FOR RECONSIDERATION

Before the Court is the debtors' motion to reconsider the Order filed October 20, 1989. The debtors move to alter or amend the Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Bankruptcy Rule 9023.

## FINDINGS OF FACT

On June 27, 1989, Ford Motor Credit Corporation ("FMCC") filed its objection to the debtors' plan of June 1, 1989. FMCC asserted that the debtors failed to comply with 11 U.S.C. §§ 1325(a)(5)(B) and 365(b) [1]. Specifically, FMCC objected to the debtor's failure to assume FMCC's outstanding lease, to provide prompt assurance of fu-

---

1. Further references to the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) shall be by section number only.

ture performance, and to cure the delinquent payments owed to FMCC.

The debtor responded by asserting that the document entitled "lease" was in fact a contract for sale and therefore § 365 was inapplicable.

The court entered an Order on October 20, 1989, which sustained FMCC's objection to confirmation upon determining the "lease" between the debtor [2] and FMCC to be a true and valid lease. It is this Order that the debtors now seek to alter or amend.

### CONCLUSIONS OF LAW

Following the arguments of counsel, the Court indicated that its sole concern surrounding the debtors' motion to reconsider involved how the vehicle, leased from FMCC to the debtor, was titled. The South Carolina Certificate of Title shows the name of the owner to be "FORD MTR CREDIT CO/HAIGLER ROY". It is the debtor's contention that the title demonstrates that he is the owner of an equitable, albeit partial, interest in the vehicle and this ownership serves to negate any lease relationship.

■ Title to a vehicle is simply some evidence of ownership, but it is not conclusive of the issue. *State Auto Ins. Co. v. Stuart*, 287 S.C. 235, 337 S.E.2d 698 (App. 1985). To completely determine the issue of ownership, a review must be made of the application from which the title was generated by the Highway Department, of the document evidencing the obligation between the parties, and of the applicable law.

■ The application for the Certificate of Title, supplied to the court, reflects the name of the purchaser to be "Ford Motor Credit Company c/o Roy L. Haigler". It also reflects the name of the owner (applicant) to be "Ford Motor Credit Company % Roy Haigler". The Net (Closed End) Lease, from which the application was generated, contains the intentions of the parties. *S.B. McMaster, Inc. v. Chevrolet Motor Co.*, 3 F.2d 469, 473 (D.S.C.1925).

Therein, FMCC is the owner and lessor of the vehicle to the debtor, the lessee. The acts of the Highway Department, in preparing the title from the application, cannot vary the parties' intentions. *Hyder v. Metropolitan Life Ins. Co.*, 183 S.C. 98, 190 S.E. 239 (1937). Thus, the title issued by the Highway Department erroneously appears to expand the debtors' interest in the vehicle by using a slash mark between FMCC and Roy Haigler which implies an ownership interest in the vehicle, instead of c/o, which represents "in care of" and gives no ownership rights to Roy L. Haigler, the debtor.

■ Further, the debtor is not the owner of the vehicle pursuant to South Carolina Code § 56–19–10(22). Therein, an owner is defined as:

A person, other than a lien holder, having the property in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person but excludes a lessee under a lease not intended as security.

By this Court's Order and Judgment of October 20, 1989, the vehicle operated by the debtor was subject to a valid true lease from FMCC. The debtors have presented no evidence indicating that they intended the obligation with FMCC to be anything but a true lease.

■ Additionally, FMCC, not the debtor, submitted the application for title to the Highway Department. Pursuant to South Carolina Code § 56–19–230, the owner is the entity to submit the application for title to the Highway Department. Also, South Carolina Code § 56–19–270 provides that the Highway Department should refuse to issue a title if "the applicant is not the owner of the vehicle". Again, by statutory definition, FMCC, not Roy Haigler, is the owner of the vehicle.

■ The debtor's contention that he is an owner of the vehicle fails for other reasons as well. If, in fact, the debtor was the owner of the vehicle, he would enjoy rights in the vehicle beyond mere posses-

---

**2.** The Chapter 13 petition filed by the debtors was filed jointly by husband and wife, but only Roy L. Haigler entered into the contract with

FMCC. Therefore, references to the debtors in relation to the Certificate of Title shall be in the singular.

sion, which is all he presently has. "Property consists not merely of ownership and possession, but of the right of use, enjoyment, and disposal." *In re Caudy Custom Builders, Inc.*, 31 B.R. 6, 9 (D.S.C.1983). *See also, S.C. Dept of Highways and Public Trans. v. Balcome*, 289 S.C. 243, 345 S.E.2d 762 (App.1986). The debtor has never asserted that he has the right to dispose of FMCC's vehicle. Furthermore, in that the vehicle in the debtor's hands is subject to the provisions of the Net (Closed End) Lease from FMCC, the debtor could not use, enjoy or dispose of the vehicle without complying with those provisions. Therefore, the debtor is not the owner of the vehicle.

The debtors have failed to meet their burden of proof to alter or amend the October 20, 1989 Order by failing to demonstrate the existence of an error warranting relief. *In re Rye*, 54 B.R. 180 (D.S.C.1985).

Therefore, it is,

ORDERED, ADJUDGED, AND DECREED, that this Court's prior Order of October 20, 1989, should not be altered or amended but rather is confirmed. The debtors' motion for reconsideration is hereby denied.