PER CURIAM: Eretha M

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Eretha M. Green-Daniels,       
Appellant,
 
 
 

v.

 
 
 
Floyd Briggs,       
Respondent.
 
 
 

Appeal From Richland County
L. Henry McKellar, Circuit Court Judge

Unpublished Opinion No. 2003-UP-017
Submitted October 22, 2002  Filed January 
 7, 2003   

AFFIRMED

 
 
 
Eretha M. Green Daniels, of Columbia; for Appellant
Frank Anthony Barton, of W. Columbia; for
Respondent(s).
 
 
 

PER CURIAM:  Eretha M. Green-Daniels appeals 
 the circuit court order affirming the magistrates order granting an application 
 for ejectment.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following 
 authorities:  S.C. Code Ann. § 27-37-20 (1991) (providing a magistrate is vested 
 with jurisdiction to hear ejectment actions); Vacation Time of Hilton Head 
 Island, Inc. v. Kiwi Corp., 280 S.C. 232, 312 S.E.2d 20 (Ct. App. 1984) 
 (holding that although the circuit court and the magistrate have concurrent 
 jurisdiction in ejectment proceedings, the circuit court still has appellate 
 jurisdiction over ejectment cases initially heard by a magistrate); S.C. Code 
 Ann. § 14-5-340 (1977) (Circuit judges may hear appeals from magistrates courts 
 and municipal courts to the court of general sessions and the court of common 
 pleas, upon notice as required by law being given for the hearing of such appeals.); 
 S.C. Code Ann. § 27-35-40 (1991) (When a person enters upon or uses the premises 
 of another without agreement or without the permission of the owner or by trespass 
 the owner may at his option waive such tort and treat and deem such person a 
 tenant at will.  In such case the landlord shall have and be entitled to a reasonable 
 rental for the use and occupation of such premises and all remedies for the 
 enforcement of his rights in respect thereto as in other cases of tenancy at 
 will.); D & D Leasing Co. of S.C. v. Gentry, 298 S.C. 342, 380 S.E.2d 
 823 (1989) (finding appellant bears the burden of providing an adequate record 
 for the appellate court to conduct a proper review); Germain v. Nichol, 
 278 S.C. 508, 299 S.E.2d 335 (1983) (holding the appealing party has the burden 
 of furnishing a sufficient record from which the appellate court can make an 
 intelligent review); Solomon v. City Realty Co., 262 S.C. 198, 203 S.E.2d 
 435 (1974) (stating conclusory arguments are deemed abandoned); Muir v. C.R. 
 Bard, Inc., 336 S.C. 266, 519 S.E.2d 583 (Ct. App. 1999) (finding issue 
 is deemed abandoned on appeal if it is argued in a short, conclusory statement 
 without supporting authority); Englert, Inc. v. Netherlands Ins. Co., 
 315 S.C. 300, 304 n.2, 433 S.E.2d 871, 873 n.2 (Ct. App. 1993) (holding a one-sentence 
 argument is too conclusory to present any issue on appeal); Hendrix v. E. 
 Distrib., Inc., 320 S.C. 218, 464 S.E.2d 112 (1995) (holding an appellate 
 court may not address an issue that is not preserved); Vacation Time of Hilton 
 Head Island, Inc., 280 S.C. at 233, 312 S.E.2d at 21 (concluding that on 
 appeal from a magistrates decision for an application for ejectment, this Court 
 is without jurisdiction to reverse the findings of the circuit court if there 
 is any supporting evidence).
AFFIRMED. 
CONNOR, STILWELL and HOWARD, JJ., concur.